**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| BETROCK INFORMATION SYSTEMS, INC.,<br>  a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>PLANTFINDERPRO LLC,<br>  a Florida limited liability company,<br><br>and<br><br>DENISE CARROZZO,<br>  an individual,<br><br>Defendants. | CASE NUMBER:_____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff BETROCK INFORMATION SYSTEMS, INC. (the "Plaintiff"), hereby files this Complaint for Trademark Infringement, Cyberpiracy, Unfair Competition and Deceptive and Unfair Trade Practices and sues Defendants PLANTFINDERPRO LLC and DENISE CARROZZO (the "Defendants") (each, the "Party" and collectively, the "Parties") and states:

1. This is an action for a violation of a federally registered trademark, common law trademark rights and cyberpiracy under 15 U.S.C. §§ 1114; 1116, 1117; and 1125; trademark infringement and unfair competition under the common law of Florida; and deceptive and unfair trade practices under Fla. Stat. §§ 501.201 *et. seq.*

**THE PARTIES**

2. Plaintiff is a corporation organized and existing under the laws of the State of

Florida, with its principal place of business in Hollywood, Florida.

3.   Upon information and belief, Defendant PLANTFINDERPRO LLC is a limited liability company organized and existing under the laws of the State of Florida and has been conducting business since September 2, 2016 under the trade name "PlantFinderPro LLC."

4.   Upon information and belief, Defendant DENISE CARROZZO (fka Denise Senior) is an individual residing in Tampa, Florida.

5.   Upon information and belief, Defendants operate a website at the URL <www.plantfinderpro.com> where the service of connecting businesses seeking plants, décor and other horticultural services to interiorscaping professionals and other horticultural services are offered under the designations "PlantFinderPro" and design (the "PFP Designations"):



6.   Defendants' website <www.plantfinderpro.com> is accessible throughout the country, including Miami-Dade and Broward County, Florida, and upon information and belief Defendants offer services for sale to consumers located in Miami-Dade and Broward County Florida.

**JURISDICTION**

7.   This Court has jurisdiction over the asserted trademark and cyberpiracy claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and jurisdiction over all related unfair competition claims under 28 U.S.C. § 1338(b).

8. All other claims asserted in this action arise out of the same transaction or occurrence, so this Court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

9. Personal jurisdiction is proper pursuant to Fla. Stat. § 48.193(1)(b) because Defendants have "[c]ommitt[ed] a tortious act within this state" by operating a website at the URL <www.plantfinderpro.com> and advertising services under the PFP Designations on a website that is accessible in this District.

## VENUE

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

11. For over 40 years, Plaintiff has engaged in the business of compiling and publishing data for the international horticultural industry.

12. Plaintiff's publication PLANTFINDER® is commonly referred to as "the Bible of the nursery industry."

13. Plaintiff offers its horticultural information services under the following registered trademark and also the common law trademarks Plantfinder™ and PlantSearch™ (the "PlantFinder Marks"):

| TRADEMARK | Serial No. | Reg. No. | Goods and Services |
| --- | --- | --- | --- |
| PLANTFINDER® | 85975684 | 4102611 | IC 016: Magazines in the field of horticulture |

14. Plaintiff registered the domain name <www.plantfinder.com> on April 24, 1996 and has operated a website at that URL offering its services under the PlantFinder Marks continuously since that time.

15. The PlantFinder Marks have been extensively advertised throughout the United States and foreign countries. Plaintiff's services have met with popular approval as a result of Plaintiff's extensive sales and advertising.

16. The PlantFinder Marks have come to mean and are understood to mean the Plaintiff and Plaintiff's services only, and the PlantFinder Marks are strong and distinctive marks by which the services of the Plaintiff are distinguished from similar services. This is true throughout the United States, including the State of Florida.

17. Plaintiff originally registered the trademark "PlantFinder" with the United States Patent & Trademark Office for use in connection with a periodical magazine, which registration was issued on June 21, 1988 as U.S. Registration No. 1493075. Since that time, this registration was inadvertently canceled and Plaintiff re-registered the trademark "PlantFinder" with the United States Patent & Trademark Office for use in connection with magazines in the field of horticulture, which registration was issued on February 21, 2012 as U.S. Registration No. 3235927 (the "Registration").

18. The Registration is valid and subsisting, and Plaintiff is the owner of the Registration. A copy of the Registration is attached to this Complaint as Exhibit "A" and is herein incorporated by reference.

19. Upon information and belief, Defendants registered the domain name <www.plantfinderpro.com> on or about June 10, 2016. A copy of the WHOIS information for the domain name <www.plantfinderpro.com> is attached to this Complaint as Exhibit "B" and is herein incorporated by reference.

20. Within the past year, Plaintiff became aware that Defendants operate a website at the URL <www.plantfinderpro.com> where businesses seeking plants, décor and other horticultural services are connected to interiorscaping professionals under the PFP Designations. A printout from Defendants' website on which the PFP Designations are displayed is attached to this Complaint as Exhibit "C" and is herein incorporated by reference.

21. Defendants adopted the PFP Designations for use in connection with the service of connecting businesses seeking plants, décor and other horticultural services to interiorscaping professionals with notice of the prior use by Plaintiff of the PlantFinder Marks.

22. The PFP Designations are confusingly similar to Plaintiff's federally registered PlantFinder Marks.

23. The PFP Designations are confusingly similar to Plaintiff's common law PlantFinder Marks.

24. Defendants adopted the trade name "PlantFinderPro LLC" with notice of the prior use by Plaintiff of the PlantFinder Marks.

25. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's federally registered PlantFinder Mark.

26. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's common law PlantFinder Marks.

27. Defendants adopted the domain name <www.plantfinderpro.com> with notice of the prior use by Plaintiff of the PlantFinder Marks.

28. The domain name <www.plantfinderpro.com> is identical to or confusingly similar to Plaintiff's Plantfinder Marks.

29. Through the use of the domain name <www.plantfinderpro.com>, Defendants divert consumers from Plaintiff's website for commercial gain.

30. Defendants' use of the PFP Designations; the domain name <www.plantfinderpro.com>; and the trade name PlantFinderPro LLC constitutes trademark infringement, unfair competition, cyberpiracy and deceptive and unfair trade practices under the laws of the United States and the State of Florida.

31. Defendants' unlawful use of the PFP Designations; the domain name <www.plantfinderpro.com>; and the trade name PlantFinderPro LLC have deprived the Plaintiff of money and profits that it otherwise would have earned had the Defendants' illegal and improper conduct not occurred.

32. Defendants' use of the PFP Designations; the domain name <www.plantfinderpro.com>; and the trade name PlantFinderPro LLC are without the license or consent of the Plaintiff.

33. Unless restrained by this Court, Defendants will continue to infringe Plaintiff's federally registered trademark and common law trademark rights, to Plaintiff's irreparable injury.

34. Plaintiff has retained the undersigned law firm of Nancy J. Flint, Attorney At Law, P.A. to pursue this matter on its behalf, and it is obligated to pay a reasonable attorney's fee and costs and litigation expenses associated with the prosecution of this matter.

**COUNT I**
**Trademark Infringement Under 15 U.S.C. § 1114(1) and 1125(a)**

35. Plaintiff repeats the allegations of Paragraphs 1-34 as if fully set forth herein.

36. Plaintiff is the owner of the PlantFinder Marks for use in connection with *inter alia* compiling and publishing relevant data for the international horticultural industry.

37. Defendants adopted the designation PlantFinderPro and the design:



as trademarks for use in connection with the service of connecting businesses seeking plants, décor and other horticultural services to interiorscaping professionals and other horticultural services with notice of the prior use by Plaintiff of the PlantFinder Marks.

38.     The PFP Designations are confusingly similar to Plaintiff's federally registered PlantFinder Marks.

39.     The PFP Designations are confusingly similar to Plaintiff's common law PlantFinder Marks.

40.     Defendants' use of the PFP Designations in connection with its services causes confusion, mistake and deception that Defendants' services are affiliated, connected or associated with Plaintiff, and that Defendants' services originate with, are sponsored by or are approved by Plaintiff.

41.     Defendants' use of the PFP Designations constitutes infringement of Plaintiff's federally registered trademark rights under the laws of the United States.

42.     Defendants' use of the PFP Designations constitutes infringement of Plaintiff's common law trademark rights under the laws of the United States.

43.     Defendants adopted the trade name PlantFinderPro LLC with notice of the prior use by Plaintiff of the PlantFinder Marks.

44.     The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's federally registered PlantFinder Marks.

45.     The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's common law PlantFinder Marks.

46. Defendants' use of the trade name PlantFinderPro LLC causes confusion, mistake and deception that Defendants' services are affiliated, connected or associated with Plaintiff, and that Defendants' services originate with, are sponsored by or are approved by Plaintiff.

47. Defendants' use of the trade name PlantFinderPro LLC constitutes infringement of Plaintiff's federally registered trademark rights under the laws of the United States.

48. Defendants' use of the trade name PlantFinderPro LLC constitutes infringement of Plaintiff's common law trademark rights under the laws of the United States.

49. Defendants' use of the PFP Designations as a trademark is without the license or consent of the Plaintiff.

50. Defendants' use of the trade name PlantFinderPro LLC is without the license or consent of the Plaintiff.

51. Defendants' use of the PFP Designations as trademarks has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

52. Defendants' use of the trade name PlantFinderPro LLC has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

53. Plaintiff has been harmed and will continue to be harmed by Defendants' infringement of its federally registered and common law trademark rights unless Defendants are enjoined from further use of the PFP Designations and the trade name PlantFinderPro LLC.

## COUNT II
## Unfair Competition Under 15 U.S.C. § 1125(a)

54. Plaintiff repeats the allegations of Paragraphs 1-34 as if fully set forth herein.

Case No. _____

55. Defendants adopted the PFP Designations as a trademark for use in connection with the service of connecting businesses seeking plants, décor and other horticultural services to interiorscaping professionals and other horticultural services with notice of the prior use by Plaintiff of the PlantFinder Marks.

56. The PFP Designations are confusingly similar to Plaintiff's federally registered PlantFinder Marks.

57. The PFP Designations are confusingly similar to Plaintiff's common law PlantFinder Marks.

58. Defendants' use of the PFP Designations on its goods causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

59. Defendants' use of the PFP Designations constitutes unfair competition under the laws of the United States.

60. Defendants adopted the trade name PlantFinderPro LLC with notice of the prior use by Plaintiff of the PlantFinder Marks.

61. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's federally registered PlantFinder Marks.

62. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's common law PlantFinder Marks.

63. Defendants' use of the trade name PlantFinderPro LLC causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

64. Defendants' use of the trade name PlantFinderPro LLC constitutes unfair competition under the laws of the United States.

65. Defendants' use of the PFP Designations is without the license or consent of the Plaintiff.

66. Defendants' use of the trade name PlantFinderPro LLC is without the license or consent of the Plaintiff.

67. Defendants' use of the PFP Designations as trademarks has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

68. Defendants' use of the trade name PlantFinderPro LLC has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

69. Plaintiff has been harmed and will continue to be harmed by Defendants' infringement of its federally registered and common law trademark rights unless Defendants are enjoined from further use of the PFP Designations and the trade name PlantFinderPro LLC.

## COUNT III
## Cyberpiracy Under 15 U.S.C. § 1125(d)

70. Plaintiff repeats the allegations of Paragraphs 1-34 as if fully set forth herein.

71. Plaintiff is the owner of the federally registered PlantFinder Marks for use in connection with *inter alia* horticultural information services.

72. Plaintiff has common law rights to use the PlantFinder Marks in connection with *inter alia* horticultural information services.

73. Upon information and belief, Defendants registered the domain name <www.plantfinderpro.com> on or about June 10, 2016.

74. Defendants operate a website at the URL <www.plantfinderpro.com> where they offer for sale horticultural information services under the PFP Designations.

75. Defendants registered the domain name <www.plantfinderpro.com> with notice of the prior use by Plaintiff of the PlantFinder Marks.

76. The domain name <www.plantfinderpro.com> is identical to or confusingly similar to Plaintiff's PlantFinder Marks.

77. Through use of the domain name <www.plantfinderpro.com>, Defendants divert consumers from Plaintiff's website for commercial gain.

78. Defendants' use of the domain name <www.plantfinderpro.com> creates a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of its website by Plaintiff.

79. Defendants' use of the domain name <www.plantfinderpro.com> constitutes cyberpiracy.

80. Defendants' use of the domain name <www.plantfinderpro.com> is without the license or consent of the Plaintiff.

81. Defendants' use of the domain name <www.plantfinderpro.com> has deprived the Plaintiff of money and profits that it otherwise would have earned had the Defendants' illegal and improper conduct not occurred.

82. Plaintiff has been harmed and will continue to be harmed by Defendants' infringement unless Defendants are enjoined from further use of the domain name <www.plantfinderpro.com>.

## COUNT IV
**Trademark Infringement Under the Common Law of the State of Florida**

83. Plaintiff repeats the allegations of Paragraphs 1-34 as if fully set forth herein.

84. Defendants adopted the PFP Designations as trademarks for use in connection with horticultural information services with notice of the prior use by Plaintiff of the PlantFinder Marks.

85. The PFP Designations are confusingly similar to Plaintiff's federally registered PlantFinder Marks.

86. The PFP Designations are confusingly similar to Plaintiff's common law PlantFinder Marks.

87. Defendants' use of the PFP Designations on its goods causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

88. Defendants' use of the PFP Designations constitutes infringement of Plaintiff's common law trademark rights under the laws of the State of Florida.

89. Defendants adopted the trade name PlantFinderPro LLC with notice of the prior use by Plaintiff of the PlantFinder Marks.

90. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's federally registered PlantFinder Marks.

91. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's common law PlantFinder Marks.

92. Defendants' use of the trade name PlantFinderPro LLC causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

93. Defendants' use of the trade name PlantFinderPro LLC constitutes infringement of Plaintiff's federally registered trademark rights under the laws of the State of Florida.

94. Defendants' use of the trade name PlantFinderPro LLC constitutes infringement of Plaintiff's common law trademark rights under the laws of the State of Florida.

95. Defendants' use of the PlantFinderPro Designations as a trademark is without the license or consent of the Plaintiff.

96. Defendants' use of the trade name PlantFinderPro LLC is without the license or consent of the Plaintiff.

97. Defendants' use of the PFP Designations as trademarks has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

98. Defendants' use of the trade name PlantFinderPro LLC has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

99. Plaintiff has been harmed and will continue to be harmed by Defendants' infringement of its rights under the laws of the State of Florida unless Defendants are enjoined from further use of the PFP Designations and the trade name PlantFinderPro LLC.

**COUNT V**
**Unfair Competition Under the Common Law of the State of Florida**

100. Plaintiff repeats the allegations of Paragraphs 1-34 as if fully set forth herein.

101. Defendants adopted the PFP Designations as a trademark for use in connection with horticultural information services with notice of the prior use by Plaintiff of the PlantFinder Marks.

102. The PFP Designations are confusingly similar to Plaintiff's federally registered PlantFinder Marks.

103. The PFP Designations are confusingly similar to Plaintiff's common law PlantFinder Marks.

104. Defendants' use of the PFP Designations on its goods causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

105. Defendants' use of the PFP Designations constitutes unfair competition under the laws of the State of Florida.

106. Defendants adopted the trade name PlantFinderPro LLC with notice of the prior use by Plaintiff of the PlantFinder Marks.

107. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's federally registered PlantFinder Marks.

108. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's common law PlantFinder Marks.

109. Defendants' use of the trade name PlantFinderPro LLC causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

110. Defendants' use of the trade name PlantFinderPro LLC constitutes unfair competition under the laws of the State of Florida.

111. Defendants' use of the PFP Designations is without the license or consent of the Plaintiff.

112. Defendants' use of the trade name PlantFinderPro LLC is without the license or consent of the Plaintiff.

113. Defendants' use of the PFP Designations as trademarks has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

114. Defendants' use of the trade name PlantFinderPro LLC has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

115. Plaintiff has been harmed and will continue to be harmed by Defendants' infringement of its rights under the laws of the State of Florida unless Defendants are enjoined from further use of the PFP Designations and the trade name PlantFinderPro LLC.

## COUNT VI
### Deceptive and Unfair Trade Practices Under Fla. Stat. §§ 501.201 *et. seq.*

116. Plaintiff repeats the allegations of Paragraphs 1-34 as if fully set forth herein.

117. Defendants adopted the PFP Designations as a trademark for use in connection with horticultural information services with notice of the prior use by Plaintiff of the PlantFinder Marks.

118. The PFP Designations are confusingly similar to Plaintiff's federally registered PlantFinder Marks.

119. The PFP Designations are confusingly similar to Plaintiff's common law PlantFinder Marks.

120. Defendants' use of the PFP Designations constitutes trademark infringement and unfair competition under the laws of the United States and the State of Florida.

121. Defendants adopted the trade name PlantFinderPro LLC with notice of the prior use by Plaintiff of the PlantFinder Marks.

122. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's federally registered PlantFinder Marks.

123. The trade name PlantFinderPro LLC is confusingly similar to Plaintiff's common law PlantFinder Marks.

124. Defendants' use of the trade name PlantFinderPro LLC causes confusion, mistake and deception that Defendants' goods are affiliated, connected or associated with Plaintiff, and that Defendants' goods originate with, are sponsored by or are approved by Plaintiff.

125. Defendants' use of the trade name PlantFinderPro LLC constitutes unfair competition under the laws of the State of Florida.

126. Defendants' use of the PFP Designations is without the license or consent of the Plaintiff.

127. Defendants' use of the trade name PlantFinderPro LLC is without the license or consent of the Plaintiff.

128. Defendants' use of the PFP Designations as trademarks has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

129. Defendants' use of the trade name PlantFinderPro LLC has deprived the Plaintiff of money and profits that it otherwise would have earned had Defendants' illegal and improper conduct not occurred.

130. Plaintiff has been harmed and will continue to be harmed by Defendants' infringement of its rights under the laws of the State of Florida unless Defendants are enjoined from further use of the PFP Designations and the trade name PlantFinderPro LLC.

Case No. _____

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court issue judgment in favor of Plaintiff and against Defendants and further requests an Order:

A. That Defendants, their agents, servants, employees, privies, successors, and assigns, and all claiming any rights through Defendants, be restrained during the pendency of this suit and afterwards, perpetually enjoined and restrained from:

i. Using the words "PLANTFINDERPRO" or any designation or any other colorable imitation of Plaintiff's federally registered and common law PlantFinder Marks in connection with horticultural information services or services similar to those of Plaintiff;

ii. Using the words "PLANTFINDERPRO" or any designation or any other colorable imitation of Plaintiff's federally registered and common law PlantFinder Marks in any domain name where horticultural information services or services similar to those of Plaintiff are offered; and

iii. Otherwise infringing Plaintiff's federally registered and common law PlantFinder Marks.

B. That Defendants account to Plaintiff and pay Plaintiff all profits realized from the sale of services offered under the PFP Designations or any colorable imitation thereof.

C. That Plaintiff recover all damages sustained on account of Defendants' trademark infringement, cyberpiracy, unfair competition and deceptive and unfair trade practices.

D. That the domain name <www.plantfinderpro.com> be transferred to Plaintiff.

E. That all labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession of Defendants bearing the PFP Designations, or any colorable imitation thereof, and all plates, molds, matrices and other means of making the same, be delivered to Plaintiff and destroyed.

Case No. _____

F. That Plaintiff be awarded treble profits or damages, whichever is greater, under 15 U.S.C. § 1117.

G. That Plaintiff be awarded its reasonable attorney's fees.

H. That Plaintiff be awarded its costs of this suit.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

/s/ Nancy J. Flint, Esq.
Nancy J. Flint, Esq., FBN 164623
NANCY J. FLINT, ATTORNEY AT LAW, P.A.
1856 N. Nob Hill Road, #424
Plantation, Florida 33322
Tel.:   (954) 812-0660
Fax:   (866) 517-9150
Email:  nancy@flintiplaw.com

Attorney for Plaintiff BETROCK INFORMATION SYSTEMS, INC.